JOAN Y. SMITH
810 LANDRY AVENUE, #11
No ATTLEBORO, MASSACHUSETTS 02760

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS     DOCKET NO.:

---

JOAN Y. SMITH,

           Plaintiff,

,                                     **COMPLAINT**

            vs.                     CIVIL ACTION

The Postmaster General
United States Postal Service.,
475 L'Enfant Plaza SW
Washington, DC 20590

PATRICK R. DONAHOE
Postmaster General,
C/o Northeast Area Office
U.S.P.S.
Norwood, Ma 02062

           Defendant(s).

---

     The complaint of the plaintiff, JOAN Y. SMITH, appearing Pro Se, respectfully shows and alleges as follows:

1.     At all times hereinafter mentioned, plaintiff herein, JOAN Y. SMITH, was and still is a resident of 810 Landry Avenue, #11, City of No Attleboro, County of Bristol, Commonwealth of Massachusetts.

2.     At all times hereinafter mentioned, defendant, The Postmaster Genera, The United States Postal Service, was and still in the business of conducting mail services

within and on behalf of the jurisdiction of the United States of America.

2.1. At all times hereinafter mentioned the defendant, PATRICK R. DONAHOE, was and still an employee by the United States Postal Service as Postmaster General, doing business at 1 Central Street, City of Norwood, County of Norwood, MA 02062, Commonwealth of Massachusetts.

3. At all times hereinafter, defendant,. The United States Postal Service, doing business at 1 Central St, City of Norwood, County of Norwood, MA 02062 Commonwealth of Massachusetts., was and still is an Agency of the United States. Government, believed to be registered to operate within the Commonwealth of Massachusetts, for the purposes of transacting the U.S. mail delivery, to and fro, within the City of Norwood, Massachusetts.

## FACTUAL BACKGROUND

4. That Plaintiff was is an employee of the Norwood Post Office, as a carrier *letter* technician, with a grade level of 02.K, where defendant PATRICK R. DONAHOE, was the Post Master General thereof.

4(a). That in or around July, 2011 through present, plaintiff have suffered numerous affliction(s) by nature of offensive, obtrusive and color venting harassment, race and credo discrimination, mental abuse, social slavery, and origin, *inter alia*, such wilful acts were prescribed under the supervisory and employment of that of the defendant, PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns.

4.(b) That such acts of the Defendant, PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns, to suffer both physical and mental disability which by consequence force her into retaliation via EEO activity, EEOC Agency case number 4b-020-0108-12 and Appeal number 01201406-13.

4(c) That regardless of plaintiff numerous grievances filed with the EEO, as a cry for the defendant(s) to cease and desist, its harmful and injurious acts, defendant color venting harassment, race and credo discrimination, mental abuse and social slavery, *inter alia*, ignored the plaintiff's fragile and mangled aggrieved condition (her EEO Complaint(s) ) by their consistent harassment(s) coupled with various united doctored defenses to plaintiff's EEO Complaints/Grievance case, alleging series of fantastic embodiments of lies, petty infractions and gambit psychology as ploy to numb plaintiff's position in her EEO grievance claims, by craftily turning their disguise of hate into falling dominoes, office protocol indifference(s) and apathy, on the part of the plaintiff.

## THE ERRORS OF THE EEO

5. Over the years plaintiff have filed and followed the protocols and procedures of the EEO in full extent of the required process, and made numerous claims of her having proof of the defendant(s) careless and thoughtless wilful actions of tort against her person as well as against her inalienable and constitutional civil rights, without any success, as it had appeared as if the beguiling intercourse and lying words of the defendant(s) to the EEO, were much of an enticing and entertaining attention, than that of the actual facts

surrounding the plaintiff, JOAN Y. SMITH's claims.

6. That the EEO entertained self centered, injuriously tainted, concocted evidence submitted by the defendant(s) PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns, while at the same time efforts made by the plaintiff to introduce evidentiary proof of color venting harassments, race and credo discrimination, mental abuse and social slavery, *inter alia*, of the defendants, PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns, but was at all times denied, by the EEO, all efforts made to submit any such evidence .

6(a) That the mentioning of the submission of evidence by example, to the EEO was denied on all approach in plaintiff's grievance case, evidence of which, had it been admitted , as support, would have solidify the of plaintiff's claims against the defendant(s) PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) (of either affinity or of consanguinity), and assigns, wilful demonstration of bias, racial prejudices, fascistic bureaucracy, lack of fair play and employee concerns around the work environment.

6(b) That the plaintiff efforts to bring about a viable grievance case against the defendant(s) PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns, was beyond futility, as the approach was neglected by the EEOC ALJ on all attempts.

## DOCUMENTED HARASSMENTS AND ABUSE

7. Plaintiff was first suspended for fourteen days without pay by the defendant PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns on August 24, 2012.

8. Plaintiff was called off her mail route and given an un substantiated pre - disciplinary interview without lawful and valid grounds on September 21, 2012.

9. Defendant(s) placed plaintiff on off duty status, on October 4, 2012, again without lawful valid grounds.

10. On November 16, 2012, plaintiff was served with Notice of Removal without the presence of legal representation in accordance to union rules.

11. After all that the EEOC claimed they found no discrimination on grounds that plaintiff failed to establish at first sight, a case of race, origin, sex color disability and reprisal discrimination and adding that plaintiff failed to provided a proper allegation to support her case against the defendant(s), PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns .

12. Plaintiff contend's that she (a) she was a victim of discrimination and had the facts but was railroaded by protocol; (b) was unable to properly interpose an explanation because the EEOC agency would not accept her written statements and other proof to that would reasonably give rise to an inference of discrimination and © that based upon the preponderance of the evidence obtained, heavily weighed on the part of the defendant(s)

and the little or no evidence obtained or collected from the plaintiff, the EEOC agency acted solely on the basis of prohibited reasons, based upon one sided adduced evidence. See St. Mary's Honor Center v. Hicks, 508 U.S. 502(1993).

12.(a) Plaintiff suffered irreparable, was hospitalize on a number of times, was treated + Medications and prescribed for clinical follow ups. Due to the wilful and wrongful acts by the defendant(s), PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns, against the plaintiff JOAN Y. SMITH.

12.(b) Plaintiff underwent psychiatric treatment, and sessions and suffered a number of psychiatric episodes during the pendency of abuse and maltreatment exacted upon her by that of the defendant(s), PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns.

12.(c) Plaintiff was injured about 3 years ago, her Left Knee ▓▓▓▓▓▓▓, during her carrying of a heavy mail bag, and made it known to defendant(s) but was however ignored as if nothing had happen, she presently attend's work with the injury and discomfort every day, fearing what may happen to her as a result.

**FIRST CAUSE OF ACTION FOR A DECLARATORY JUDGMENT**

13. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth in paragraphs (1) through (4c), inclusive, with the same force and effect as if more-fully set forth herein.

14. By reason of the foregoing, Plaintiff prays for an Order of this Court declaring that the defendant(s) PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns, are liable for acts of wilful and intentional infliction of emotional distress wrongfully applied upon the plaintiff. Damages not exceeding the amount of $150,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT ADJUDGING PLAINTIFF TO BE ENTITLED TO DAMAGES FOR HARASSMENT AND DISCRIMINATION

15. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth in paragraphs (1) through (6b), inclusive, with the same force and effect as if more fully set forth herein.

16. That the mentioning of the submission of evidence by example, to the EEOC was denied on all approach in plaintiff's grievance case, evidence of which, had it been admitted, as support, would have solidify the plaintiff's claims against the defendant(s) PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) (of either affinity or of consanguinity), and assigns, wilful demonstration of bias, racial prejudices, fascistic bureaucracy, lack of fair play and employee concerns around the work environment.

6(b) That the plaintiff efforts to bring about a viable grievance case against the defendant(s) PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns, was beyond futility, as the approach was neglected by the EEOC ALJ on all attempts,.

17. That by reason of the foregoing, plaintiff is entitled to a Judgment adjudging plaintiff's entitlement to damages in or above the amount of $2,500,000.00. for damages in accordance to applicable statutes.

### AS AND FOR A THIRD CAUSE OF ACTION FOR DAMAGES OF RACIAL PREJUDICE AND ABUSE BY REPRISAL AND JOB RELATED STRESS CAUSED BY SUCH REPRISAL

18. Plaintiff repeats, re-alleges and reiterates each and every allegation set forth in paragraphs (1) through (12), inclusive, with the force and effect as if more-fully set forth herein.

19. Plaintiff was first suspended for fourteen days without pay by the defendant PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) ( of either affinity or of consanguinity), and assigns on August 24, 2012.

20. Plaintiff was called off her mail route and given un substantiated pre -disciplinary interview without lawful and valid grounds on September 21, 2012.

21. Defendant(s) placed plaintiff on off duty status, on October 4, 2012, again without lawful valid grounds.

22. On November 16, 2012, plaintiff was served with Notice of Removal without the presence of legal representation in accordance to union rules.

23. By reason of the foregoing, defendant is liable to plaintiff in damages racial prejudice, discrimination in violation of title <u>VII of the Civil Rights Act of 1964 (Title VII) as amended, 42 U.S.C. section 2000e et seq. And Section 501 of rehabilitation Act of 1973 (Rehabilitation Act.) As amended, 29 U.S.C. section 791 et seq</u>. and for abuse by

virtue of the defendant(s) reprisal so causing plaintiff to undergo job related stress resulting from such reprisal, the amount of $1,750,000.00 .

23. The plaintiff is entitled of the damages claimed above, upon the final outcome of this pending lawsuit..

WHEREFORE, Plaintiff demands Judgment against Defendant(s),PATRICK R. DONAHOE, his employee(s) agent(s), servant(s) representative(s) relative(s) (of either affinity or of consanguinity), and assigns., for all of the above-stated, and for any such other and further relief as this Honorable Court deems as just proper and equitable.

*(signature)*
JOAN Y. SMITH
Plaintiff, Pro Se
810 Landry Avenue
No. Attleboro, Ma 02760
(617)733-3665

## VERIFICATION

JOAN Y. SMITH, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

JOAN Y. SMITH

*Joan Smith* (signature)

Plaintiff, Pro Se

Sworn to before me this

   day of July 2014

_____
   Notary Public

10