UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

JOAN Y. SMITH,
        Plaintiff,

        v.                                  CIVIL ACTION NO.
                                            14-12957-MBB
POSTMASTER GENERAL PATRICK R.
DONAHOE
        Defendant.

                              **ORDER**

                          **March 11, 2015**

**BOWLER, U.S.M.J.**

    1.   The motion (#3) for leave to proceed in forma pauperis is GRANTED.

    2.   The Clerk shall provide the plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").

    3.   The Clerk shall substitute the current Postmaster General, Megan Brennan, as the sole defendant.

    The plaintiff identified named the "Postmaster General" and then-Postmaster General as defendants.  Since the filing of the complaint, Megan Brennan has assumed the position of Postmaster General.  Because it appears that the plaintiff intended to bring this action against Donahoe in his official capacity, Postmaster Brennan is now the proper defendant and the Court may order the substitution.  See Fed. R. Civ. P. 25(d).  If the Court has misunderstood the plaintiff's designation of the defendants, she shall immediately inform the Court in writing.

    4.   The Clerk shall issue a summons and the United States Marshal shall serve a copy of the summons, complaint, consent package, and this Order upon the defendant as directed by

plaintiff with all costs of service to be advanced by the United States.

5. The motion (#2) for appointment of counsel is DENIED WITHOUT PREJUDICE to renewal after the defendant has responded to the complaint.

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The Court does not have the funds to pay attorneys to represent plaintiffs in civil cases, and it is very difficult for the Court to find attorneys who will accept appointment as pro bono counsel. In order to qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. See DesRosiers, 949 F.2d at 23. In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See id. at 24. Because the defendant has not been served with or responded to the complaint, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.

SO ORDERED.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
UNITED STATES MAGISTRATE JUDGE